In the Matter of **UNITED METAL FAB-
RICATORS, INC., Bankrupt.**
No. BK3 2455.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 3, 1975.

Vernon O. Teofan and Steve A. Unger-
man, Dallas, Tex., for New Process
Steel Corp.

L. E. Creel, III, Dallas, Tex., trustee
in bankruptcy.

OPINION

ROBERT W. PORTER, District
Judge.

This appeal from an order of the
bankruptcy judge denying appellant's
claim for $1,052.08 turns on the mean-
ing of the words "paid in full" in § 57
sub. n of the Bankruptcy Act, 11 U.S.
C. § 93(n), which reads in part:

When in any case all claims which
have been duly allowed have been paid
in full, claims not filed within the
time hereinabove prescribed may
nevertheless be filed within such time
at the court may fix or for cause
shown extend and, if duly proved,
shall be allowed against any surplus
remaining in such case.

Because the Court agrees with the
interpretation of Judge Learned Hand in
Hammer v. Tuffy, 145 F.2d 447 (2d
Cir. 1944) that "paid in full" means pay-
ment of principal *and* interest, the de-
cision of the bankruptcy judge will be
affirmed.

In this case, the bar date was June 17,
1972. Almost three weeks later, on July
5, 1972, the appellant, New Process
Steel Corporation, filed its claim. Al-
though the trustee had on hand $2,550.-
04 in excess funds after the principal
amounts of all timely claims had been
paid, the bankruptcy judge denied pay-
ment of appellant's claim and instead
ordered the trustee to pay interest pro-
rata to the timely claimants. The bank-
ruptcy judge stated that his sole rea-
son for so acting was the *Hammer* case,
*supra.*

In its brief on appeal, New Process gives no reason for its failure to file a timely claim. Instead, it challenges the reasoning of Judge Hand, who—in a case of first impression—examined congressional intent in amending § 57, sub. n in 1938 so as to provide that surplus funds might in some cases be distributed to late-filing creditors rather than be returned to the debtor.

■ The *Hammer* case, however, involved a question of whether excess funds were to be paid to a late-filing creditor or to the timely creditors; there was no question of returning some of the excess to the bankrupt. It is the same in the case at bar: it appears that payment of interest to the timely creditors will exhaust the excess funds. If any of the excess is left, the appellant's claim would be paid before anything is returned to the bankrupt.

The availability of surplus funds is also the key to distinguishing City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949), which appellant cites for the proposition that post-petition interest should not be allowed. In *Saper*, the Court was not called upon to distribute excess funds; there were none. Among other things, the Court in *Saper* examined the language of a House Report on the proposed amendment to § 57, which said in part:

> . . . Interest on general unsecured debts, on unsecured Government debts other than taxes, and on debts entitled to priority under section 64a, is suspended at the date of bankruptcy so that, *except in the rare case of a solvent estate*, interest is allowable only to such date. . . .

336 U.S. at 340, n. 17, 69 S.Ct. at 560, n. 17, 93 L.Ed. at 719, n. 17 (emphasis added).

Because here there are excess funds, making the *Saper* decision inapplicable and because no reason for the late filing has been shown, I find no reason not to follow the decision of Judge Hand, who wrote:

Nor do any equities favor a "barred" creditor; for, while, as against the bankrupt, he has . . . a good claim to be paid, we cannot see why, as between himself and his more diligent fellows, he should be allowed to reap where he has not sown. They have not misled him; he took his chances as to the assets, they did not; they should not be compelled to feed his lamp with oil from their own; he must be content that his former plight has been relieved vis-a-vis the only person against whom he has any shadow of grievance.

Hammer v. Tuffy, *supra*, 145 F.2d at 450.

The decision of the bankruptcy judge is affirmed.